IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SANDRA MICHELLE JOHNSON,**

 **Plaintiff,**

v.              **Case No. 3:15-cv-00713**

**ELIZABETH DIAMOND EPLIN; and
WEST VIRIGNIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES
BUREAU FOR CHILDREN and FAMILIES,**

 **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

 Pending before the Court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L.R.Civ.P. 41.1.

 Plaintiff, Sandra Johnson, filed the complaint herein on January 15, 2015, alleging various violations of her right to due process of law under the Fourteenth Amendment to the United States Constitution. At the same time, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). After conducting an initial review of

the complaint, the undersigned issued an Order granting the application and instructing Plaintiff to provide the Clerk of Court with the defendants' proper addresses for service of process. (ECF No. 4). In the Order, Plaintiff was advised that she had 120 days in which to effect service on the defendants. (*Id.* at 2). Moreover, Plaintiff was notified of her obligation under the Local Rules of this Court to promptly notify the Clerk of any change in Plaintiff's contact information. (*Id*). According to the docket, the order was sent to Plaintiff at the address she provided and was not returned. Nonetheless, Plaintiff failed to provide the Clerk with the defendants' addresses for service of process.

On October 26, 2015, the undersigned issued an Order to Show Cause under L.R.Civ.P 41.1, notifying Plaintiff that a recommendation to dismiss the action would be filed in thirty days unless she could show cause for retention of the action on the Court's docket. (ECF No. 5). Plaintiff was instructed to advise the Court if she wished to continue prosecution of her complaint, or to file a notice of dismissal if she did not wish to pursue the matter. According to the docket, this Order was sent to the address provided by Plaintiff, but was returned on October 30, 2015 as undeliverable. (ECF No. 6). The United States Postal Service indicated that Plaintiff had moved and left no forwarding address. (*Id.*). More than two months have passed since the Order to Show Cause was returned to the Clerk, and Plaintiff has made no effort to contact the Court, update her address, or comply with the original order.

Under Fed.R.Civ.P 41(b), a court may dismiss an action when a plaintiff fails to prosecute it, or fails to comply with a court order. Similarly, under L.R.Civ.P. 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good

>cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends upon the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When deciding whether to impose the harsh sanction of dismissal, a court should consider the following four factors: 1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978).

A review of the docket indicates that Plaintiff received the first Order issued by the undersigned, but failed to take the steps necessary to litigate her claim. Therefore, Plaintiff is entirely responsible for the delay in prosecution. In addition, this matter has been pending on the Court's docket for one year without any activity on the part of the Plaintiff, which demonstrates a history of proceeding in a dilatory fashion. As a general rule, a delay in prosecution causes some measure of prejudice to the defendant because the longer an action exists without significant activity, the greater the difficulty in resurrecting facts and locating witnesses. Despite these realities, the extent of the prejudice here is difficult to gauge given that the defendants have not been served with process and the statute of limitations on Plaintiff's claims may not have expired. Thus,

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states: "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

the undersigned concludes that while prejudice from the delay exists, it is not overwhelming. Still, Plaintiff has made no effort to pursue her claims and shows no interest in prosecuting this civil action despite an explicit warning that the case would be dismissed if she failed to effect service on the defendants. For that reason, a sanction less than dismissal would not be effective. *See Ballard,* 882 F.2d at 95-96. Bearing these factors in mind, and taking into account the importance of resolving civil rights actions on their merits, the undersigned **FINDS** that dismissal is appropriate, but is best entered without prejudice.

Wherefore, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **without prejudice**, (ECF No. 2), and remove this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140

(1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff at her last known address.

**DATED**: January 15, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge